**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4466**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSE RAMON DIAZ-ROBLEDO,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Louise W. Flanagan, District Judge.  (2:20-cr-00032-FL-1)

Submitted:  March 29, 2022                       Decided:  March 31, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Mark R. Sigmon, MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Ramon Diaz-Robledo pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 2. The district court sentenced Diaz-Robledo to 160 months' imprisonment, below his advisory Sentencing Guidelines range. On appeal, Diaz-Robledo's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Diaz-Robledo's sentence is procedurally and substantively reasonable. Diaz-Robledo was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Diaz-Robledo's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver,

2

the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Diaz-Robledo knowingly and intelligently waived his right to appeal his sentence, with limited exceptions not applicable here.* And we conclude that the sentencing issues counsel pursues in the *Anders* brief fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal that are outside of the appellate waiver or not waivable by law. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues covered by the appellate waiver. We also deny in part the motion to dismiss and otherwise affirm. This court requires that counsel inform Diaz-Robledo, in writing, of the right to petition the Supreme Court of the United States for further review. If Diaz-Robledo requests that a petition be filed, but counsel believes

---

* Diaz-Robledo's plea agreement explains that he waives the right to appeal his conviction and sentence with some limited exceptions. During the Fed. R. Crim. P. 11 hearing, however, the magistrate judge explained only that Diaz-Robledo was waiving his right to appeal his sentence. *See* Fed. R. Crim. P. 11(b)(1)(N) (requiring court to accurately summarize terms of appellate waiver before accepting guilty plea). We are satisfied that the magistrate judge's plain error did not affect Diaz-Robledo's substantial rights given Diaz-Robledo's confirmation that he had read and understood the plea agreement and the straightforward language of the appellate waiver provision. Put simply, nothing in the record suggests that Diaz-Robledo would not have pleaded guilty had the magistrate judge correctly summarized the appellate waiver. *See United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). In addition, we have otherwise reviewed the knowing and voluntary nature of Diaz-Robledo's guilty plea, as that issue is not waivable by law, *see United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), and conclude that Diaz-Robledo's guilty plea is valid, *see United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Diaz-Robledo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*DISMISSED IN PART*